UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| TOPLINE SOLUTIONS, INC.<br>11592 Southington Lane<br>Herndon, Virginia 20170-2445,<br><br>Plaintiff,<br><br>VS.<br><br>SANDLER SYSTEMS, INC.<br>300 Red Brook Boulevard, Suite 400<br>Owings Mills, Maryland 21117-5147,<br><br>Defendant. | Case No. 8:09-CV-03102-BEL |

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant, Sandler Systems, Inc. (hereinafter "SSI"), by its undersigned attorneys, hereby submits this response to the Motion of the Plaintiff, Topline Solutions, Inc. (hereinafter "Topline"), to Strike Affirmative Defenses and states:

**Relevant Facts**

This action was filed by Topline on November 19, 2009 and SSI filed an answer on May 19, 2010. Included in SSI's answer were various affirmative defenses. Topline then filed a Motion to Strike these affirmative defenses.

**Argument**

In its memorandum supporting its motion, Topline primarily relies upon *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___ [sic], 129 S.Ct. 1937 (2009). In those cases, the Supreme Court reversed its earlier decision in *Conley v. Gibson*, 355 U.S. 41 (1957). Under the *Conley* standard, courts could grant a motion to dismiss a claim for relief only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 45-46. However, in *Twombly*, the Supreme Court departed from this standard and introduced another standard. Under this new standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In its decisions in *Twombly* and *Iqbal*, the Supreme Court was deciding whether a *complaint* was sufficient based on Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 8(a) contains a requirement that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(b) contains a similar requirement. That rule states "A party shall state in short and plain terms the party's defenses to each claim asserted."

However, affirmative defenses are covered by Fed. R. Civ. P. 8(c). Rule 8(c) contains no such requirement. That rule only requires that a party <u>must</u> <u>state</u> an avoidance or affirmative defense [Emphasis Supplied]. Because the rule only requires the Defendant to <u>state</u> an affirmative defense, the analysis in *Twombly* is inapplicable to affirmative defenses based on Rule 8(c).

The Federal District Court in the Eastern District of Michigan saw this obvious difference and thus ruled that the *Twombly* standard does not apply when dealing with

affirmative defenses. *See First Nat. Ins. Co. of America v. Camps Services, Ltd.*, 2009 WL 22861.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike Affirmative defenses and grants such further relief as just may so require.

                                              _____/s/_____
                                              Russell Karpook
                                              Cohan, West & Karpook, P.C.
                                              201 N. Charles Street, Suite 2404
                                              Baltimore, MD  21201
                                              Phone: (410) 332-1400
                                              Fed. Bar No. 00834

                                              Attorneys for Defendant, Sandler Systems, Inc.

CERTIFICATE OF MAILING

I HEREBY CERTIFY that on June 21, 2010, a copy of Defendant, Sandler Systems, Inc.'s Response to Plaintiff's Motion to Strike Defendant's Affirmative Defenses was mailed, first class, postage pre-paid to: Jeremy W. Schulman, Esq. and Alexander C. Vincent, Shulman, Rogers, Gandal, Pordy & Ecker, P.A. 12505 Park Potomac Avenue, 6th Floor, Potomac, Maryland 20854, attorney for Plaintiff, Top Line Solutions, Inc.;

_____/s/_____
Russell D. Karpook
Federal Bar No.  00834
**Cohan, West & Karpook, P.C.**
201 North Charles Street, Suite 2404
Baltimore, Maryland 21201
(410) 332-1400
(410) 332-4079 (Fax)
Attorneys for Defendant,
Sandler Systems, Inc.