UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| TOPLINE SOLUTIONS, INC., | * | |
| Plaintiff, | * | |
| | * | |
| - against - | * | Case No. 8:09-CV-03102-BEL |
| | * | |
| SANDLER SYSTEMS, INC., | * | |
| Defendant. | * | |
| | * | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES**

Plaintiff Topline Solutions, Inc. ("Topline"), by counsel, submits this reply to Defendant Sandler Systems, Inc.'s ("SSI") Response to Topline's Motion to Strike Defendant's Affirmative Defenses ("Resp."), filed June 21, 2010. (Doc. # 33.)

**ARGUMENT**

SSI inaccurately states that Topline "primarily relies" upon the Supreme Court's decisions in *Twombly* and *Iqbal*, which SSI contends are inapposite because they only considered the pleading standards applicable to a complaint under Fed. R. Civ. P. 8(a), not those applicable to affirmative defenses under Rule 8(c). (Resp. at 1.) SSI fails to address the decisions Topline cited from Kansas, Wisconsin, New York, California, Michigan, and Florida, all of which apply the *Twombly-Iqbal* pleading standard to affirmative defenses and are therefore squarely on point. Likewise, SSI also says nothing about the pre-*Twombly* decisions from the Second, Fifth, and Seventh Circuits, cited by Topline, all of which held that affirmative defenses lacking any supporting factual allegations are insufficient as a matter of law.

The only case on which SSI relies in support of its position, *First Nat. Ins. Co. of America v. Camps Services, Ltd.*, No. No. 08-cv-12805, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009), has not been followed by most courts that have considered the issue.  It was also decided before *Iqbal* confirmed that *Twombly's* interpretation of Rule 8 applied to <u>all</u> civil cases.  Moreover, just the day after Topline's Motion was filed, yet another district court joined the existing majority, declining to follow *First National* and holding that affirmative defenses must satisfy the *Twombly-Iqbal* standard.  *See Barnes v. AT&T Pension Benefit Plan-Nonbargained Prog.*, No. C 08-04058 MHP, 2010 WL 2507769, at *4 (N.D. Cal. June 22, 2010) (citing cases and noting that "the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses").

*Barnes* and other courts have reasoned that Rule 8's overall purpose — to give the adverse party fair notice of the basis of the claim being asserted — is just as relevant to Rule 8(b)(1)'s requirement to state defenses "in short and plain terms" as it is to Rule 8(a)(2)'s requirement that each claim contain "a short and plain statement . . . showing that the pleader is entitled to relief."  *See id.*; *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) ("In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case.").

Conceding that the pleading requirements of Rule 8(a)(2) and 8(b)(1) are "similar" (Resp. at 1), SSI nonetheless maintains that the standard applicable to Rule 8(c) is somehow different.  In SSI's view, because Rule 8(c) does not contain the "short and plain" language contained in subdivisions (a) and (b), affirmative defenses may be pleaded as legal conclusions without supporting facts.  This tortured and unreasonable interpretation contradicts

the long-held understanding that the "general rules of pleading that are applicable to the statement of a claim also govern the statement of affirmative defenses under Federal Rule 8(c)." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (3rd ed. 2004).  It also reads subdivision (c) out of context.  Subdivsion (b)(1) applies "In General" to a party's "defenses to each claim asserted against it."  There is no distinction between the types of defenses that must be stated in "short and plain terms," so it logically follows that <u>all</u> of them must be so stated.  While subdivision (c) requires that "any avoidance or affirmative defense" be stated affirmatively, nowhere does it relieve the pleader of his obligation to do so in "short and plain terms."  Under SSI's reading, however, a general defense, consisting of mere denials, would have to meet this standard, but an avoidance or affirmative defense would not.  The drafters of Rule 8 could not possibly have intended such a result.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Topline's principal memorandum, the Motion should in all respects be granted.

Dated:  July 9, 2010

        Respectfully submitted,

        **SHULMAN, ROGERS, GANDAL,**
        **PORDY & ECKER, P.A.**

By:     /s/ Alexander C. Vincent
        Jeremy W. Schulman (Fed. Bar No. 16787)
        Alexander C. Vincent (Fed. Bar No. 17207)
        12505 Park Potomac Avenue, Sixth Floor
        Potomac, Maryland  20854-6803
        Tel.:  (301) 230-5200; Fax:  (301) 230-2891
        Email:  jschulman@shulmanrogers.com
                avincent@shulmanrogers.com

*Attorneys for Plaintiff*
*Topline Solutions, Inc.*