UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0723

July 27, 2010

MEMORANDUM TO COUNSEL RE:    Topline Solutions, Inc. v. Sandler Systems, Inc.,
Civ. No. L-09-3102

Dear Counsel:

This is a breach of contract case. Now pending is Plaintiff Topline Solutions, Inc.'s ("Topline") Motion to Strike Defendant Sandler System, Inc.'s ("SSI") affirmative defenses (Docket No. 29). The Motion is hereby GRANTED.

**I.   Pleading Standards**

Under Rule 12(f), a "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses are subject to the pleading requirements of Rules 8 and 9. See, e.g., Stowe Woodward L.L.C. v. Sensor Prods., 230 F.R.D. 463, 466-70 (W.D. Va. 2005). Whenever a motion to strike affirmative defenses is granted, the defendant is generally given leave to amend. See 5C Wright & Miller § 1381 (3d ed. 2004).

Topline argues that SSI's affirmative defenses must be stricken because they fail to meet the heightened pleading standards enunciated by the Supreme Court in Twombly and Iqbal. In response, SSI argues that the Twombly-Iqbal standards are inapplicable to affirmative defenses.

Neither the Fourth Circuit nor this Court has previously addressed this question, and other district courts are divided on the issue.[1] Nevertheless, the majority of the courts that have considered the issue are in agreement with Topline. See Hayne, 263 F.R.D. at 649 (collecting cases).

The Court agrees with the majority. First, it would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard. Second, as other courts have noted, "[b]oilerplate defenses clutter the docket and . . . create unnecessary work," including expensive and time-consuming discovery.

---

[1] Compare Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 649-50 (D. Kan. 2009) (applying Twombly and Iqbal to affirmative defenses), and Tracy v. NVR, Inc., No. 04-CV-65417, 2009 WL 3153150 (W.D.N.Y. Sep. 30, 2009) (same), with First Nat. Ins. Co. of Am. v. Camps Services, Ltd., No. 08-cv-12805, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009) (declining to extend Twombly and Iqbal to affirmative defenses).

Safeco Ins. Co. of Am. V. O'Hara Corp., No. 08-CV-10545, 2008 WL 2558015 (June 25, 2008). Finally, the considerations of common sense and efficiency that underlie Twombly and Iqbal suggest that their heightened pleading standards should apply to affirmative defenses.

## II.   Application

After Twombly and Iqbal, an affirmative defense must be pled in a way that is "intelligible, gives fair notice, and is plausibly suggested by the facts." See Palmer v. Oakland Farms, Inc., No. 5:10cv00029, 2010 WL 2605179, *5 (W.D. Va. June 24, 2010). At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (A court must "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief.").

Turning to this case, SSI's answer contains seven affirmative defenses, as follows:

(1)   "The Complaint fails to state a claim upon which relief can be granted";
(2)   "The Complaint is barred in whole or in part by waiver";
(3)   "The Complaint is barred in whole or in part by estoppel";
(4)   "The Complaint is barred in whole or in part by laches";
(5)   "The Complaint is barred in whole or in part by the State of Limitations";
(6)   "The Complaint is barred in whole or in part by the Plaintiff's failure to mitigate damages."
(7)   "The Complaint is barred in whole or in part by Plaintiff's failure to perform as he represented he could or agreed."

All of the defenses must be stricken. They contain no facts and are too conclusory to provide fair notice of the grounds on which the defenses stand.

With respect to Defenses 2-4, even before Twombly and Iqbal, the defenses of waiver, estoppel and laches were consistently struck when pled without reference to some facts. See Palmer, 2010 WL 2605179 at *6 (citing Builders Bank v. First Bank & Trust Co., 2004 U.S. Dist. LEXIS 5016, *17-18 (N.D. Ill. 2004)). Defense 5 does not include a reference to the appropriate Statue of Limitations or the operative dates. Defenses 6 and 7 do not state with any specificity what the plaintiff failed to do.

Nevertheless, the Court will GRANT SSI **20 days** to amend its answer.

Despite the informal nature of this memorandum, it is an Order of this Court, and the Clerk is directed to docket it accordingly.

                                                                                      /s/
                                                                              Benson Everett Legg
                                                                              United States District Judge