IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TOPLINE SOLUTIONS, INC.,                    *

      Plaintiff,                            *

                            *

      v.                                    *          CIVIL NO.: WDQ-09-3102

                            *

SANDLER SYSTEMS, INC.,                      *

      Defendant.                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Topline Solutions, Inc. ("Topline") sued Sandler Systems, Inc. ("SSI") for breach of contract and other claims.  ECF No. 1.  Pending is SSI's Motion for Bifurcation, ECF No. 185.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the following reasons, SSI's motion will be granted in part.

I.   Background[1]

On November 8, 2005, Topline, SSI, and Ram Das, Inc. ("Ram Das")[2] executed the "High Tech Boot Camp Agreement," or "HTBCA."  ECF No. 106 at 1.  The HTBCA states that SSI will "exclusively produce the HTBC Program Materials solely for [Ram Das] and Topline and that [Ram Das] and Topline [will] obtain the HTBC

---

[1] This Memorandum Opinion presents a summary of the relevant facts; the facts of this case are fully stated in the Court's July 14, 2015 Memorandum Opinion.  ECF No. 194; *see also Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. CIV. WDQ-09-3102, 2015 WL 4385940, at \*1 (D. Md. July 14, 2015).

[2] Ram Das is not a party to this case.

Program Materials solely from SSI." ECF No. 1 ¶ 45 (alterations omitted)(emphasis omitted). On March 7, 2006, Topline, Ram Das, and SSI executed a Co-Development Agreement ("CDA") to market and sell an adaptation of a program, called the "SSI Negotiation Program,"[3] through SSI's network of franchises and customers. *Id.*; ECF No. 1 ¶ 22. In the CDA, the parties waived their right to "punitive damages in any action arising out of [or] related to this Agreement," and to "trial by jury in any action . . . whether at law or at equity, brought by either of them, or in any action . . . which arises out of or is connected in any way with this Agreement." *See* ECF No. 1-1 at 20 (CDA § 17(c)-(d)).

On November 19, 2009, Topline, a Virginia corporation, sued SSI, a Maryland corporation, for breach of the CDA and HTBCA (counts one and two), specific performance (count three), fraud (count four), and a permanent injunction (count five). ECF No. 1.[4] On April 18, 2012, The Honorable U.S. District Judge Benson E. Legg, to whom this case was first assigned, granted Topline

_____

[3] In the 1990s, Steven Kraner, the owner of Topline, and Guru Ganesha Singh Khalsa, owner of Ram Das, developed a negotiation program called "Negotiating with the Savvy Buyer," on which the SSI Negotiation Program had been based. ECF No. 105 at 1.

[4] This Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* ECF No. 1 at 4, 21-22; 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

partial summary judgment as to the CDA.  ECF No. 105.  Judge

Legg held that an accounting was required to determine damages.

*Id.* at 4.  As to the HTBCA, on April 30, 2012, Judge Legg denied

the parties' cross-motions for summary judgment, finding that

the HTBCA was ambiguous and that a trial was necessary to

resolve factual disputes.  ECF No. 106 at 3-4.  On May 22, 2012,

under Fed. R. Evid. 706,[5] Judge Legg appointed Barry Bondroff,

C.P.A., from Gorfine, Schiller & Gardyn, P.A., to provide an

independent account of damages from SSI's breach of the CDA.

ECF No. 111.[6]  For roughly the next two years, the suit was beset

by discovery disputes--including the scope of discovery required

for Bondroff's review and objections thereto.  *See* ECF No. 194

at 4-13 (reviewing case history).[7]

On November 21, 2014, SSI moved, *inter alia*, to bifurcate

(1) the issues of liability and damages as to the HTBCA, and (2)

the CDA and HTBCA claims.  ECF No. 185.  On December 8, 2014,

---

[5] Rule 706 provides for the appointment of court-appointed experts.  *See* Fed. R. Evid. 706(a).

[6] On October 25, 2012, the case was reassigned to this Judge.

[7] On August 9, 2013, Bondroff issued his report, titled "Analysis of Negotiation Sales and Royalties" (the "Report").  On June 6, 2014, Topline filed exceptions to the Report and sought additional discovery from SSI.  ECF No. 175.  Magistrate Judge J. Mark Coulson, to whom discovery had been assigned, denied Topline's requests for CDA and HTBCA discovery; Topline objected.  ECF Nos. 177, 178.  This Court sustained Topline's objections as to the CDA and overruled its objections as to the HTBCA.  ECF Nos. 194, 195.

Topline opposed bifurcating liability and damages as to the HTBCA, but did not oppose bifurcating the CDA and HTBCA claims *provided* that the jury trial on the HTBCA claims took place before the CDA bench trial.  ECF No. 189.  Topline stated that the HTBCA claims should be tried first "to preserve Topline's constitutional right to a jury trial on those factual issues that may be common to its claims under both contract."  *Id*. at 1 n.1; *see also id*. at 9 ("Given that there may be evidence in support of Topline's HTBC Agreement claims that could be relevant to a determination of damages under the CDA, however, Topline is entitled to have a jury consider those common issues, to the extent they exist.").  In reply, SSI argued that if "there is a connection between the [HTBCA] claims and the CDA claims, . . . the jury waiver provision in the CDA would apply to any [HTBCA] claims that are relevant to the CDA claims"; thus Topline has waived its right to a jury trial on HTBCA claims. ECF No. 193 at 3.

On July 14, 2015, this Court denied SSI's motion to bifurcate liability and damages as to the HTBCA.  ECF No. 195. The Court deferred ruling on SSI's motion to bifurcate the CDA and HTBCA claim until the parties had briefed whether the presence of CDA-related issues in Topline's action for breach of the HTBCA triggers the CDA's jury waiver provision.  ECF Nos. 194 at 31; 195.  The Court further asked the parties to brief

4

the impact of bifurcation on the fraud count, which implicates

both contracts.  ECF Nos. 194 at 31; 195.[8]

On August 13, 2015, Topline submitted its brief in response

to the Court's Order.  ECF No. 197.  On August 27, 2015, SSI

responded.  ECF No. 198.

II.  Analysis

A.  Jury Trial Waiver

The right to a jury trial in a civil suit is guaranteed by

the Seventh Amendment to the U.S. Constitution.  *See* U.S. Const.

amend. VII ("In Suits at common law, where the value in

controversy shall exceed twenty dollars, the right of trial by

jury shall be preserved . . . .");[9] Fed. R. Civ. P. 38(a) ("The

right of trial by jury as declared by the Seventh Amendment to

the Constitution . . . is preserved to the parties inviolate.").

When--as here--a jury trial has been demanded, the action must

---

[8] The Court had noted that Topline seeks punitive damages in
connection with the fraud count and "a trial by jury as to all
issues raised by each of their respective claims asserted herein
and triable as of right by a jury."  ECF Nos 194 at 31 n.40; 1
at 22-23.  However, because the CDA bars trial by jury in
actions connected to the CDA and punitive damages in "any action
. . . related to" the CDA, ECF No. 1-1 at 20 (CDA § 17(c)-(d)),
it was unclear whether bifurcation would result in the fraud
count being tried before different fact-finders with different
potential damages.  ECF No. 194 at 31 n.40.

[9] Because the breach of contract and fraud claims present legal--
as opposed to equitable--issues, the Seventh Amendment applies.
*See, e.g., Chauffeurs, Teamsters & Helpers, Local No. 391 v.
Terry*, 494 U.S. 558, 569, 110 S. Ct. 1339, 1347, 108 L. Ed. 2d
519 (1990)(*citing Ross v. Bernhard*, 396 U.S. 531, 539, 90 S. Ct.
733, 738, 24 L. Ed. 2d 729 (1970)).

proceed as a jury trial "unless . . . the [C]ourt, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39 (a)(2). "When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42.

In diversity suits, "the enforcement of a contractual jury waiver is a question of federal, not state law." *Med Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002) (*citing Simler v. Conner*, 372 U.S. 221, 222, 83 S. Ct. 609, 9 L. Ed. 2d 691 (1963)). The Fourth Circuit places the burden of proving knowing and intelligent waiver on the party seeking to enforce the waiver. *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832-33 (4th Cir. 1986). However, to decide whether to enforce a jury waiver, the Court "must first determine, keeping in mind the policy of strict construction against jury waivers, whether the language of the waiver 'unambiguously covers the claims asserted.'" *LaPosta v. Lyle*, No. 5:11CV177, 2012 WL 1752550, at *10 (N.D.W. Va. May 16, 2012) (*quoting Med Air Tech. Corp.*, 303 F.3d at 18). Thus, the Court must decide whether the CDA jury waiver "unambiguously" covers the HTBCA and fraud claims.

1.  HTBCA (Count Two)

Topline asserts that it has not waived its right to a jury trial on its breach of the HTBCA claim because its prior statement about common "factual issues" merely signaled the

6

possibility of "evidentiary overlap." ECF No. 197 at 7. For example, Topline contends that there could be SSI training materials that include parts of the SSI Negotiation Program relevant to the CDA, and parts of HTBC Program Materials relevant to the HTBCA. *Id.* at 9. Topline asserts "there are no truly common factual issues" between the CDA and HTBCA and no commonality of "essential facts" to prove damages under the CDA and liability and damages under the HTBCA. *Id.* Finally, Topline argues that because SSI bears the burden of proving that the CDA's trial waiver was knowing and voluntary, SSI bears the burden of proving common factual issues bringing the HTBCA within the scope of the CDA's jury trial waiver. *Id.* at 10.

SSI contends that the parties do not dispute that the CDA jury trial waiver was knowing and intelligent; rather, SSI argues that "[i]f [there are] any common factual or evidentiary issues relevant to both the CDA and the HTBCA," then Topline has waived its right to a jury trial on HTBCA claims. ECF No. 198 at 3, 5. SSI further argues that it should not have to prove that Topline has waived its right to a jury trial as to the HTBCA; instead, "Topline should be held to its word when it alleges that there are issues and/or evidence common to both Agreements." *Id.* at 8.

In the CDA Topline waived "trial by jury in any action . . . . whether at law or at equity, brought by either of them,[10] or in any action . . . which arises out of or is connected in any way with [the CDA]." *See* ECF No. 1-1 at 20 (CDA § 17(c)). In count two, Topline alleges that SSI breached its obligation to sell or provide HTBC Program Materials under section two of the HTBCA when it sold or provided the HTBC Program Materials to other customers. ECF No. 1 ¶¶ 46-47, 49, 65. On its face, SSI's

---

[10] Neither party has addressed whether the first clause in the jury waiver applies; all claims in this suit constitute an "action" brought by one of the parties. *See* ECF Nos. 197 at 2 ("By its terms, the jury-trial waiver provision of the CDA encompasses only claims that 'are connected in any way' with the CDA); 198 at 5 ("Topline admits that its waiver under the CDA for any action 'which arises out of or is connected in any way' to the CDA was made knowingly and intelligently). However, applying strict construction, courts have consistently found that similarly broad waivers apply only to "actions arising out of the terms of the subject agreement[]." *LaPosta*, 2012 WL 1752550, at *11; *Nat'l Acceptance Co. v. Myca Products, Inc.*, 381 F. Supp. 269, 270 (W.D.Pa. 1974). In particular, courts look to the location of the waiver "in relation to the surrounding terms in the contracts[,] which only referred to the specific subject matter of the contracts." *Id*. Likewise, here, the jury waiver is located in the section of the CDA (1) governing the law that applies to the CDA and the parties' consent to jurisdiction in actions related to the CDA, (2) barring punitive damages in actions related to the CDA, and (3) providing for attorneys' fees to the prevailing party in an action commenced under the CDA. ECF No. 1-1 at 20 (CDA § 17(a)-(e)). Accordingly, the Court finds that the first clause of the jury waiver applies only to the CDA. *See Mowbray v. Zumot*, 536 F. Supp. 2d 617, 620 (D. Md. 2008) (because of the "strong federal policy favoring jury trials," courts "indulge every reasonable presumption against waiver")(alteration and citation omitted). The second clause applies to a broader category of actions that "arise[] out of or [are] connected in any way" to the CDA; *e.g.*, Topline's CDA-related fraud claim.

obligations under the HTBCA are not "connected in any way" to the relevant section of the CDA, which governs royalty payments in connection with SSI's sale of the SSI Negotiation Program. *See* ECF No. 1-1 at 13 (CDA § 7).

Further, that SSI training materials relevant to both claims may contain parts of the SSI Negotiation Program and the HTBC Program Materials is too tenuous a connection to the CDA for this Court to find that Topline has thereby waived its constitutional right to a jury trial on the HTBCA claim. *See AttorneyFirst, LLC v. Ascension Entm't, Inc.*, 144 F. App'x 283, 290 (4th Cir. 2005) ("A waiver of the right to trial by jury will not be lightly implied.") (*citing Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S. Ct. 809, 81 L. Ed. 1177 (1937)); *Mowbray*, 536 F. Supp. 2d at 620. Accordingly, Topline is entitled to a jury trial on count two.[11]

    2.   Fraud (Count Four)

Topline contends that count four "alleges distinct acts of fraud in connection with the CDA and [HTBCA]"; thus, those

---

[11] SSI contends that allowing Topline to present evidence about the CDA to the jury "under the guise that 'some portion' is also related to the HTBCA" would cause prejudice to SSI. ECF No. 189 at 8. SSI asserts that Topline should be barred from "presenting any CDA related evidence" during the HTBCA trial. *Id.* at 8, 12. SSI's undeveloped argument raises evidentiary issues that are more suitably the subject of a motion *in limine*. Thus, the Court will decline to rule on SSI's request until presented with such a motion, and it has been fully briefed.

claims may be tried separately.  ECF No. 197 at 10-11.  SSI contends that Topline has "completely inter[woven] any potential independent HTBCA related claim for fraud with its CDA related claim for fraud."  ECF No. 189 at 9 (*citing* ECF No. 1 ¶ 84). SSI further contends that bifurcating the fraud count may result in different factfinders reaching different conclusions about Topline's reliance.  *Id*. at 10.  Finally, SSI contends that Topline has alleged "a singular amount of compensable damages" arising from "all of SSI's alleged misrepresentations."  *Id*. at 9 (emphasis omitted).  Thus, SSI argues that Topline has waived its right to a jury trial and punitive damages on count four. *Id*. at 9, 11 n.4.

SSI relies in part on Federal Rule of Civil Procedure 10(b), which states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."  ECF No. 198 at 9; Fed. R. Civ. P. 10(b).  "Rule 10(b) works with Rule 8(a) to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."  *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 598 (D. Md. 2013) (citation and internal quotation

marks omitted).  Here, however, the issue is not whether Topline
has adequately pled its fraud claim, or whether Topline should
have pled two fraud counts to state a plausible claim, but
whether the fraud claim as pled is within the scope of the CDA
jury waiver.  That being said, because Topline has alleged a
single fraud claim in relation to the CDA and the HTBCA, that
claim is "connected to the CDA"; thus, it falls within the CDA's
jury waiver.  *See* ECF No. 1-1 at 20.  That the claim is also
connected to the HTBCA does not make it any less connected to
the CDA.

Topline has not cited--nor has the Court located--authority
for the proposition that a single fraud claim may be parsed in
such a way as to try different parts *of the same allegation*--or,
as discussed below, the *same part of the same allegation*--before
different fact-finders.  To prove fraud, a plaintiff must show
by clear and convincing evidence that: (1) the defendant made a
false representation to the plaintiff, (2) the defendant knew
the representation was false or made it with reckless indiff-
erence as to its truth, (3) the purpose of the misrepresentation
was to defraud the plaintiff, (4) the plaintiff relied on the
misrepresentation and had the right to rely on it, and (5) the
plaintiff suffered compensable injury resulting from the
misrepresentation.  *Maryland Envtl. Trust v. Gaynor*, 370 Md. 89,

803 A.2d 512, 516 (Md. 2002) (*quoting Nails v. S & R Inc.*, 334 Md. 398, 639 A.2d 660, 668 (Md. 1994)).

Although Topline alleges distinct misrepresentations about the CDA and HTBCA, it alleges the same facts about reckless indifference, intent, and reliance.  Additionally, it alleges a single amount of damages.  As to the second, third, and fourth elements, Topline alleges that

> SSI made the foregoing misrepresentations and omissions knowing them to be false or with reckless indifference as to their truth. For example, in correspondence responding to specific inquiries from Topline, SSI admitted that previously unreported sales were in fact made or "will be addressed." These admissions reflect that, at the time these representations were made, SSI had actual knowledge that they were false or that SSI was aware that it did not know whether they were true or false.

> SSI made the foregoing misrepresentations for the purpose of defrauding Topline and specifically: (a) for the purpose of keeping more "net receipts" than permitted under the [CDA] and keeping all revenues associated with the sale of HTBC Program Materials, all under false pretenses; (b) with intent to deceive Topline into thinking that SSI had not made or kept these ill-gotten gains; (c) with intent to deceive Topline into continuing its business relationship with SSI to Topline's detriment; and (d) with intent to deceive Topline into delaying or foregoing the assertion of its legal rights.

> Topline relied on the foregoing misrepresentations and omissions by: (a) deferring the termination of the CDA and [HTBCA] for cause; (b) continuing to allow SSI to profit from Topline's contributions to the SSI Negotiation Program and the HTBC Program Materials; and (c) deferring suit to enforce its rights.

> Topline had a right to rely on SSI's misrepresentations and omissions because SSI

> exclusively controlled the sources of and means of
> acquiring the information demonstrating the extent of
> SSI's sales of the SSI Negotiation Program and HTBC
> Program Materials

ECF No. 1 ¶¶ 83-86.  As to the fifth element, damages, Topline

alleges that

> As a direct and proximate result of SSI's intentional
> misrepresentations, Topline suffered compensable
> injury in an amount not less than $1.2 million,
> comprising lost royalties, lost profits, violation of
> its proprietary rights, and the attorneys' fees and
> costs incurred in enforcing its rights herein.

*Id.* ¶ 87.

Because of the manner in which Topline has pled it fraud

claim, it effectively asks this Court to permit duplicate

allegations to be tried before different fact-finders.  The

interdependency of Topline's allegations disfavors Topline's

suggested disposition.  *Cf. Chesley v. Goldstein & Baron,*

*Chartered*, 145 Md. App. 605, 629, 806 A.2d 296, 310 (2002) *aff'd*

*on other grounds*, 375 Md. 244, 825 A.2d 985 (2003)

(interdependent factual issues in original claim, counterclaim,

and third party claim were "not capable of being determined

separately, in two separate trials, by two different fact

finders").  Further, as discussed below, the CDA and HTBCA

claims will be bifurcated;[12] even if the Court permitted Topline

to present its fraud claim twice, Topline has not explained why

---

[12] *See infra* Section II.B.

the doctrine of issue preclusion[13] would not bar relitigation of
its allegations in the second suit--including whether SSI's
alleged conduct proximately caused Topline's damages.  Topline
may regret its decision to plead a single fraud claim in
relation to both agreements; however, that was its choice.
Because the fraud claim is an "action . . . connected in [some]
way with [the CDA]" and is "related" to the CDA, ECF No. 1-1 at
20 (CDA ¶ 17(c)-(d), Topline has waived its right to a jury
trial and punitive damages on that claim.  Accordingly, counts
one, three, four, and five will be tried before the Court; count
two will be tried before the jury.[14]

B.   Bifurcation and Order of Trials

When claims are committed to different fact-finders, "it is
common and appropriate to hold separate jury and bench trials."
*Illinois Tool Works, Inc. v. MOC Products Co.*, 946 F. Supp. 2d
1042, 1044 (S.D. Cal. 2012) (citation omitted).  The parties
agree that bifurcation of CDA and HTBCA claims is merited in

---

[13] Issue preclusion bars relitigation of the same facts and law
previously decided.  *Taylor v. Sturgell*, 553 U.S. 880, 892, 128
S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008); *Mostofi v. Midland
Funding, LLC*, 223 Md. App. 687, 117 A.3d 639, 644 & n.4 (2015).

[14] Counts three and five seek equitable--not legal--remedies:
specific performance and a permanent injunction.  Further, count
three seeks specific performance of the CDA; thus, it is within
the CDA jury waiver.  Accordingly, Topline is not entitled to a
jury trial on counts three and five.  *See supra* note 9; ECF No.
1-1 at 20 (CDA ¶ 17(d)).

14

this case;[15] SSI's motion to bifurcate will be granted in part.
Further, although SSI had initially wanted the CDA bench trial
to proceed first, because the Court has found that Topline has
waived its right to a jury trial on the fraud claim but not the
HTBCA claim, SSI agrees with Topline that the HTBCA jury trial
should proceed first.  *See* ECF Nos. 189 at 9; 198 at 11.
Accordingly, this trial will proceed as follows: (1) in phase
one, count two will be tried before a jury; and (2) in phase
two, counts one, three, four, and five will be tried before the
Court.

III. Conclusion

For the reasons stated above, SSI's motion to bifurcate
will be granted in part.

_9/15/15_

Date

_____
William D. Quarles, Jr.
United States District Judge

[15] *See* ECF Nos. 185-1 at 9; 189 at 9; 197 at 11.