IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TOPLINE SOLUTIONS, INC.,<br>*Plaintiff/Counter-Defendant*,<br><br>       v.<br><br>SANDLER SYSTEMS, INC.,<br>*Defendant/Counter-Plaintiff*. | Civil Action No. ELH-09-3102 |

**MEMORANDUM**

This Memorandum addresses the Objection filed by Sandler Systems, Inc. ("SSI" or "Sandler"), defendant and counter-plaintiff, as to discovery rulings made by U.S. Magistrate Judge Mark Coulson. The facts set forth below are limited to those pertinent to the Objection.

## I.     Factual Background

Nearly seven and a half years ago, Topline Solutions, Inc. ("Topline, Inc."), plaintiff, sued Sandler for, *inter alia*, breach of two contracts. In August 2016, SSI moved for leave to file a counterclaim against Topline, Inc. and a third party complaint against Steven Kraner, the president, founder, and sole shareholder of Topline, Inc. ECF 253 ("Motion for Leave to File"); ECF 312, ¶ 17. I shall refer to Topline, Inc. and Kraner collectively as "Topline."

At a hearing held on November 30, 2016, Judge Motz granted the Motion for Leave to File. *See* ECF 297. The Counterclaim was docketed on December 1, 2016, at ECF 298. A few days later, on December 12, 2016, SSI filed an amended counterclaim and third party complaint. ECF 312 ("Amended Counterclaim").

The underlying lawsuit is rooted in events that begin in 1991, when Kraner purchased an SSI franchise. ECF 89-38, ¶ 4 (Kraner Declaration, 11/18/11). Thereafter, Kraner informally began to modify SSI's intellectual property, in an attempt to adapt those materials to the high-

tech market. *See* ECF 89-38, ¶¶ 6-15. Kraner's alterations were not formally authorized by SSI and constituted a breach of the franchise agreement with SSI. *Id.* ¶¶ 33-34. In 2004, Kraner assigned to Topline, Inc. his rights and duties under his first franchise agreement with SSI. ECF 312, ¶ 18. In 2005, after SSI learned of Kraner's modifications, the parties entered into the High Tech Bootcamp Agreement ("HTBCA" or "AMR"). ECF 312, ¶¶ 35-41; *see* ECF 312-7 (HTBCA).

The purpose of the HTBCA was to "confirm in writing [the parties'] agreement with respect to the production and ownership" of SSI's intellectual property and "to provide for the payment of the production fee by . . . Topline [, Inc.] to SSI . . . ." ECF 312, ¶¶ 35, 38; *see* ECF 312-7, ¶ B. The HTBCA essentially provides, in pertinent part, that neither Topline, Inc. nor Kraner could register SSI's intellectual property with the United States Copyright Office, and that Topline, Inc. and Kraner relinquished any right independently to produce or reproduce SSI's intellectual property, or any variation thereof. *See* ECF 312-7, ¶ 4-4.2.

SSI claims that, on or about May 13, 2016, it became aware of Topline's registration of a "work" with the Copyright Office, over 450 pages in length, called *Building Your Sales Factory*. ECF 312, ¶ 45; *see* ECF 312-11 (paper format only). SSI received a certified copy of *Building Your Sales Factory* from the Copyright Office on or about August 10, 2016. *Id.* ¶ 50. According to SSI, the certified copy of *Building Your Sales Factory* included numerous pages of SSI's intellectual property, which it claims that it never provided to Topline. *Id.* ¶ 51. SSI also avers that Topline's copyright application was made without its consent, in violation of the HTBCA. *Id.* ¶¶ 52, 57. On this basis, SSI filed the Motion for Leave to File.

Sandler asserts four counts in its Amended Counterclaim: breach of the HTBCA (Count I); breach of the franchise agreement (Count II); copyright infringement (Count III); and fraud

(Count IV).  *See* ECF 312, ¶¶ 54-80.  *Building Your Sales Factory* is central to the Amended Counterclaim.  *See* ECF 312, ¶¶ 54-80.

The Court held a telephone scheduling conference with counsel on December 8, 2016, to address the impact of the filing of a counterclaim and third-party complaint.  *See* docket.  And, on December 9, 2016, the Court issued an Order governing the schedule.  ECF 311.  And, with respect to discovery, ECF 311 provided, in pertinent part, *id.*: "Additional discovery, *limited to the counterclaim and third party complaint*, shall be completed by April 10, 2017."  (Emphasis added).

## II.   Discovery Dispute

On February 3, 2017, SSI filed correspondence with Judge Coulson, to whom the many discovery disputes have been assigned (*see* docket, Aug. 18, 2014),[1] informing him of a dispute between the parties regarding interrogatories and a request for document production that SSI propounded on December 19, 2016.  ECF 329.  In particular, SSI informed Judge Coulson that Topline objected to nine of SSI's fifteen interrogatories and eleven of SSI's thirteen document requests.  ECF 329 at 1-2.  According to SSI, *id.* at 2: "What little information [Topline] provided in response to the six interrogatories they purported to answer was *de minimis* and incomplete because Topline, [Inc.] and Mr. Kraner have adopted an unreasonably narrow interpretation of the allegations made against them."

Among many other things, SSI requested from Topline, ECF 329-3 at 5-6:

> 5. "Documents sufficient to identify any and all orders for training or other materials or documents you received from 2005 to the present";

---

[1] The case was initially referred for discovery to Magistrate Judge Gauvey on October 29, 2013.  *See* ECF 160.  It was reassigned to Judge Coulson on August 18, 2014.  *See* docket.

6. "All documents concerning sales training programs, manuals, workbooks, videos, audios, powerpoints, or other materials or documents you created, in whole or in part, from 2005 to the present"; and

7. "Documents sufficient to identify any and all fees you charged any and all clients or customers from 2005 to the present."

Moreover, SSI sought to depose Kraner, both in his personal capacity and as a Rule 30(b)(6) representative of Topline. And, SSI sought to depose two of Topline's attorneys. *See* ECF 336 at 4-7, 8-11.

Topline responded on February 10, 2017. ECF 332. With respect to SSI's interrogatories and requests for documents, Topline argued, *id.* at 3: "There is really one central issue in this discovery dispute: SSI believes that it is allowed to embark on a limitless fishing expedition based on a single allegation of wrong-doing; Topline's position is that such fishing expeditions are not permitted under the rules of discovery." In particular, Topline observed that SSI "has only alleged a single act of creating a variation of [SSI's intellectual property] . . . and a single act of filing Sandler Proprietary Assets with the U.S. Copyright Office . . . ." *Id.* at 3.

In a letter responding to ECF 332, SSI asserted that the Amended Counterclaim includes, but is not limited to, *Building Your Sales Factory*. ECF 333 at 3. According to SSI: "Sandler did not specifically allege other instances of misconduct because Topline and Mr. Kraner have not disclosed other instances." *Id.*

Thereafter, the parties provided Judge Coulson with additional submissions concerning their disputes. *See* ECF 335; ECF 336.

Judge Coulson held a discovery hearing in open court on March 1, 2017. ECF 337. On March 2, 2017, Judge Coulson issued a Letter Order resolving the disputes. ECF 340. He noted that SSI had said: "'The issues presented by the new evidence are straightforward, and there

should be no need for extensive discovery or motions practice in connection therewith.'"  ECF 340 at 2 (quoting SSI's reply in support of its Motion for Leave to File, ECF 264 at 18).

Judge Coulson also said, in part, ECF 340 at 2:

> As stated succinctly by SSI in its motion, "SSI in good faith believes that it can prove that Topline's improper creation of an unauthorized variation of the HTBC Materials . . . and copyright filing constitute material breaches of the HTBC Agreement and the Franchise Agreement, both of which contain cross-default provisions, and committed copyright infringement." (ECF No. 253 at p. 8.) In its reply brief, SSI reiterated, "In this case, SSI seeks to assert claims and defenses arising from newly-discovered evidence relating to Topline's assertion on January 24, 2011 of copyright ownership over SSI's intellectual property." (ECF No. 264 at p. 14.) SSI's proposed counterclaim and third [party] claim itself asserted, "This is a Counterclaim and Third-Party Complaint for breach of contract, copyright infringement, and fraud that is the result of newly discovered evidence which not only potentially defeats many of Topline's claims, but also is a cause for SSI's affirmative relief." (ECF No. 253-3 at p. 1.)[] Substantively, the individual counts included in SSI's Amended Counterclaim and Third-Party Complaint have as their centerpiece the BYSF material. (ECF No. 312 at pp. 12-18.)

Judge Coulson concluded that the discovery sought by SSI "deviate[d]" from its representation that there was no need for extensive discovery.  *Id.*  In rejecting SSI's arguments, Judge Coulson stated, *id.* at 2-3:

> First, SSI has asserted numerous times in this litigation that the main purpose of the [HTBCA] was purportedly to deal with this very type of alleged behavior by Topline. SSI, therefore, was clearly on notice of the possibility of such behavior and that continuation of the behavior would certainly constitute a breach of the [HTBCA] (at a minimum) such that SSI could have pursued such a defense/counterclaim and associated discovery long before now.[] A version of this defense was raised by SSI in its original answer where it included the affirmative defense that Topline's complaint "is barred in whole or in party by Plaintiff's failure to perform as he represented he could and agreed."[] Thus, although it is true that the [*Building Your Sales Factory*] material itself was newly discovered, the underlying behavior being alleged was not new as it was at the core of the [HTBCA].
>
> Additionally, as confirmed at the hearing on March 1, 2017, there is currently no evidence that, with the potential exception of the newly discovered [*Building Your Sales Factory*] material,[] Topline has produced unauthorized material to conduct High Tech Bootcamp training or purchased material from

someone other than SSI. To the contrary, the parties agree that Topline has indeed conducted High Tech Bootcamp training and, further, that Topline has continued to purchase materials for that training from SSI.

In view of Judge Coulson's determination that SSI's discovery requests were overbroad, he narrowed the scope of discovery. He ruled: "As to Interrogatories 1-7 and Requests for Production 2-12, SSI may seek discovery only regarding the [*Building Your Sales Factory*] material." *Id.* at 3. He continued, *id.*:

> By way of example only, such discovery would include its genesis, its filing with the Copyright Office, its use with customers/clients, and information that would go to measuring damages from such behavior. Because there are indications that the BYSF material may have been developed and/or used by Topline prior to its filing with the Copyright Office on January 24, 2011, SSI is not restricted to post- January 24, 2011 discovery regarding the BYSF material.

Furthermore, with respect to the dispute regarding proposed depositions of two of Topline's attorneys, Judge Coulson stated that he was "skeptical" of those requests based on the current record. *Id.* Therefore, he determined that SSI should proceed with the deposition of Kraner first, and then it could revisit with the Court the issue of the proposed depositions. *Id.*

Finally, as to a request from SSI to depose Kraner both individually and as a Rule 30(b)(6) representative of Topline, Inc., Judge Coulson observed that SSI "is entitled to depose Mr. Kraner separately in each capacity", and noted that SSI indicated that it would attempt to minimize duplication. *Id.* However, Judge Coulson said: "The scope of questioning of Mr. Kraner must be consistent with the narrowing of the scope of discovery to the [*Building Your Sales Factory*] material as set forth above." *Id.* at 3-4.

On March 16, 2017, SSI filed an "Objection to Magistrate Judge's March 2, 2017 Discovery Order", pursuant to Local Rule 301.5(a) and Fed. R. Civ. P. 72(a). ECF 344 ("Objection"). The Objection asks the Court to overrule Judge Coulson's Order and to require

Topline to answer all of the discovery requests that SSI propounded on December 19, 2016. *Id.* at 7-11.

SSI's Objection proceeds on two grounds: (1) Judge Coulson "erroneously based his ruling on the false premise that Sandler should have accomplished discovery before now", and (2) Judge Coulson's decision unreasonably narrowed the scope of discovery to issues regarding Topline's creation and registration of *Building Your Sales Factory*. *See* ECF 344. In support of its argument, SSI points out that the Amended Counterclaim alleges, ECF 312, ¶ 57 (emphasis added):

> Topline and Kraner materially breached the express covenants of the AMR by, **among other things**, registering portions of the HTBC Materials with the Copyright Office, in violation of Paragraph 4.1.2 of the AMR, and producing variations of the HTBC Materials without purchasing same from SSI, in violation of Paragraph 4.2 of the AMR.

Further, SSI posits: "[D]espite the clearly open-ended nature of this paragraph, Judge Coulson decided to limit Sandler to discovery concerning the specific incident alleged in the Counterclaims . . . ." ECF 344 at 12.

Topline responded in opposition to the Objection (ECF 346), reiterating many of the arguments that it had previously made to Judge Coulson. SSI replied. ECF 347.

### III.   Discussion

Fed. R. Civ. P. 72(a) provides that, within fourteen days, a party may object to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. *Id.*; *see* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Rule 72(a) provides that the district court should only overrule the magistrate judge if the order objected to is "clearly erroneous or is contrary to law." *Id.*; *see Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

"Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Huggins v. Prince George's Cnty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (citations omitted). "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan*, 206 F.R.D. at 124. As summarized by Wright & Miller: "[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." C. Wright and A. Miller, *Federal Practice and Procedure Civil*, § 3069 (2d ed.).

In my view, far from containing clear error, Judge Coulson's Letter Order (ECF 340) is entirely reasonable, sound, well founded, and supported by fact and law.

Fed. R. Civ. P. 26(b)(1) provides: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." As Judge Coulson observed, SSI has continuously represented to the Court that its claims against Topline relate to and emanate from Topline's production and registration of the work *Building Your Sales Factory*, about which SSI learned in May 2016. By that point, the parties had already engaged in extensive discovery. Indeed, in SSI's Motion for Leave to File, it stated, ECF 253-1 at 8:

> SSI in good faith believes that it can prove that Topline's improper creation of an unauthorized variation of the HTBC Materials and copyright filing constitute material breaches of the HTBC Agreement and the Franchise Agreement, both of which contain cross-default provisions, and committed copyright infringement.

Furthermore, in SSI's reply in support of its Motion for Leave to File, it stated, ECF 264 at 14: "In this case, SSI seeks to assert claims and defenses arising from newly-discovered

evidence relating to Topline's assertion on January 24, 2011 of copyright ownership over SSI's intellectual property." And, during the hearing held by Judge Motz, SSI's counsel represented, ECF 308 at 18:

> Mr. Kraner had gone back off the wagon, so to speak, with regard to violations of his intellectual property obligations. And not only had he done that, he had generated this manual in violation of laws, against Mr. Sandler, and then he had copyrighted it. Pretty amazing. So as soon as we knew that at Sandler, we came into this Court, mindful of the seven-year pendency and all that.

For SSI now to claim that it is entitled to such broad discovery, beyond issues relating to *Building Your Sales Factory*, based on its bald suggestions that Topline may have breached the HTBCA in other ways yet unknown, borders on vexatious. SSI was granted leave to amend on a limited basis, and that is the only basis for further discovery. Under SSI's interpretation of Rule 26(b), it effectively argues that the scope of discovery is everything under the sun. *See* ECF 344; ECF 329-3 at 4-8.

"Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010); *see also R. Ernest Cohn, D.C., D.A.B.C.O. v. Bond*, 953 F.2d 154, 159 (4th Cir. 1991) ("Discovery should not become a fishing expedition."); *Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.*, 853 F.2d 1139, 1147 (4th Cir. 1988) (noting that the overly broad scope of the request renders it more of a "fishing expedition" and not reasonably calculated to lead to the discovery of admissible evidence); *Jos. A. Bank Clothiers, Inc. v. J.A.B.-Columbia, Inc.*, ELH-15-3075, 2017 WL 75746, at *4 (D. Md. Jan. 6, 2017) (Gallagher, M.J.) (discussing the appropriate scope of discovery). Here, Judge Coulson's limitation of the scope of discovery to the enumerated issue in the Amended Counterclaim is completely consistent with these principles, and at the very least, was not clearly erroneous based on the facts and law.

Notably, SSI has pointed to no authority that supports its contention that "[a]lleging that a defendant breached [a contract] by, 'among other things,' committing specific instances of breach preserves a party's right to conduct discovery concerning similar unidentified breaches." ECF 344 at 14. The one out-of-circuit district court case that SSI cites, *United States v. Dish Network, LLC*, 754 F. Supp. 2d 1004 (C.D. Ill. 2011), is readily distinguishable. In that case, the plaintiffs alleged that defendant engaged in specific conduct (*i.e.*, entering into contracts) with additional parties, beyond the five other parties named in the Complaint. *Id.* at 1006, 1009. Here, SSI alleges that Topline breached the HTBCA through unknown conduct with unknown parties. And, it has failed to produce a single iota of evidence that any additional claims exist. *See* ECF 312, ¶ 57; ECF 340 at 3.

## IV.    Conclusion

This case is now in its seventh year. *See* docket. A great deal of the delay in bringing the case to resolution is attributable to the apparent inability of counsel for both sides to cooperate, requiring the intervention of the Court. *See* docket; *see also* ECF 291 (noting that counsel have become "embroiled in [a] 'scorched-earth' style of litigation"). The Court once against reminds counsel that practicing with "civility" is both required by common decency and Local Rule 606 ("The Court expects all . . . counsel to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court.").

Trial is currently scheduled to begin on August 7, 2017. ECF 311. Unnecessary detours, such as the unwarranted requests for discovery at issue here, will serve only to delay the already long-overdue resolution of the case.

As noted, Judge Coulson's decision in ECF 340 is well reasoned, supported by law, and devoid of clear error. In issuing ECF 311, this Court never contemplated the extent of discovery that SSI now pursues. In view of the foregoing, the relief requested in the Objection is DENIED.

An Order follows.

Date:   April 3, 2017                                            /s/
                                                   Ellen Lipton Hollander
                                                   United States District Judge